United States District Court
Southern District of Texas
**ENTERED**
November 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGER FOUNTAIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-02894 |
| § | |
| OPORTUN, INC. § | |
| § | |
| Defendant. § | |

## ORDER GRANTING CONDITIONAL DISMISSAL

Pending is Defendant Oportun, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 6), to which Plaintiff Roger Fountain has filed no opposition.[1] After considering the motion, the file, and pertinent authority, the Court finds that the motion should be granted.

Plaintiff, pro se, filed an Amended Small Claims Petition in Harris County Justice Court Precinct 5, Place 1, alleging "Violations of the TCPA and Harassment" and seeking "$20,000.00 in statutory damages, punitive damages and emotional distress" from Defendant.[2] The petition alleges no facts or circumstances to support a claim for such relief. Defendant removed the case based

---

[1] "Failure to respond to a motion will be taken as a representation of no opposition." L.R. 7.4.

[2] Document No. 1 at page 12 of 21.

on federal question jurisdiction because Plaintiff alleges that his claim is for violation(s) of the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227; *see also* Cranor v. 5 Star Nutrition, L.L.C., 998 F.3d 686, 688-89 (5th Cir. 2021). Because Plaintiff failed to plead any factual basis for the claim, Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level," assuming "that all the allegations in the complaint are true (even if doubtful in fact)[.]" Twombly, 127 S. Ct. at 1964-65 (internal citations omitted).

When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94

S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.  The "Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true."  Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009) (quoting Gregson v. Zurich Am. Ins. Co., 322 F.3d 883, 885 (5th Cir. 2003)).  The question for the Court is whether, "in the light most favorable to the plaintiff and with every doubt resolved on [its] behalf, the complaint states any valid claim for relief."  Id. (quoting Gregson, 322 F.3d at 885).

Plaintiff's Amended Small Claims Petition fails to allege any facts describing a violation by Defendant of the TCPA, and hence fails to state a claim upon which relief can be granted.  When a plaintiff's pleading fails to allege facts sufficient to state a legal claim that is plausible on its face, the defendant is entitled to have the pleading dismissed pursuant to Rule 12(b)(6).  Accordingly, it is

ORDERED that unless Plaintiff files a Second Amended Complaint against Defendant Oportun, Inc. within fourteen (14) days after the date of this Order, Defendant Oportun, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 6) will be GRANTED and Plaintiff's claims

against Defendant Oportun, Inc. will be DISMISSED with prejudice for failure to state a claim. If Plaintiff chooses to file a Second Amended Complaint, the new pleading must meet the pleading standards set out in Twombly and Iqbal.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 4TH day of November, 2021.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE